UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Arleta Helen Hippensteel,

        Plaintiff.

_____/

Case No. 12-cv-13110

Paul D. Borman
United States District Judge

OPINION AND ORDER
(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 4) and (2) DENYING PLAINTIFF'S MOTION TO CORRECT OMISSION OF STATUTORY REFERENCES AS MOOT (ECF NO. 5)

On August 20, 2012, this Court entered an Order Granting Plaintiff's Motion to Proceed *In Forma Pauperis* and Dismissing Plaintiff's Complaint Pursuant to 28 U.S.C. § 1915. (ECF No. 3.) On September 4, Plaintiff filed a Motion for Reconsideration (ECF No. 4) and a Motion to Correct Omission of Statutory References From Original Pleading (ECF No. 5).

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v.*

*Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided."). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

The Court previously ruled that Plaintiff's Complaint, which complains of the findings and order of a Michigan state district court, was frivolous and dismissed the Complaint pursuant to 28 U.S.C. § 1915. Plaintiff's motion for reconsideration does not demonstrate a palpable defect, the correction of which will result in a different disposition of her case. Plaintiff asserts jurisdiction is proper in this Court based upon the presence of a federal claim, specifically that her "liberty interest under the due process clause of the Fifth and Fourteenth Amendments of the U.S. Constitution" has been violated. (ECF No. 1, Petition for Declaratory Judgment.) Plaintiff's Complaint, however, which incoherently complains of the actions of the state district court and appears to challenge findings and an order of the state district court, fails to meet her burden of alleging a substantial federal claim. The Sixth Circuit recently reaffirmed that such bare assertions of alleged constitutional violations fail to allege a cognizable federal claim:

A cause of action arises under federal law when a federal question appears on the

face of the plaintiff's "well-pleaded complaint." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "Jurisdiction is not conferred on a federal court in a non-diversity case by mere conclusory allegations that one's constitutional or civil rights have been violated." *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). Further, while pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even a pro se complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 882, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). . . . A plaintiff seeking to avoid dismissal bears the burden of alleging a substantial federal claim. *Mich. S.R.R. v. Branch & St. Joseph Counties Rail Users Ass'n*, 287 F.3d 568, 573 (6th Cir. 2002).

*Steen v. State Fair Apts.*, No. 12-1086, Slip Op. at 2-3 (6th Cir. Aug. 7, 2012) (unpublished).

Plaintiff asserts in her motion for reconsideration that she "does not 'seek an order from this Court reversing or correcting an alleged error of the 66th District Court, State of Michigan,' but rather asserts the verifiable nonexistence of a state court proceeding pursuant to an implicitly surmised (actually nonexistent) matter pursuant to which the court's authority ostensibly could have been invoked at the time when the impromptu dialogue underlying this Petition commenced." (ECF No. 4, Motion for Reconsideration ¶ 5) (emphasis on original). This incoherent statement fails to allege a substantial federal claim and fails to identify a palpable defect in the Court's dismissal of Plaintiff's claim. Plaintiff's motion for reconsideration merely presents matters already ruled upon by the Court, either expressly or by implication, and fails to demonstrate a palpable defect by which the Court has been misled, the correction of which would change the disposition of the case.

Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 4) is DENIED. Plaintiff's Motion to Correct Omission (ECF No. 5), is DENIED as MOOT.

IT IS SO ORDERED.

Dated: 10-9-12

Paul D. Borman
United States District Judge

3